UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BRIAN O.,

    Plaintiff,

v.                                                           CIVIL ACTION NO. 5:24-cv-00473

LELAND DUDEK,
*Acting Commissioner of Social Security*,

    Defendant.

## ORDER

    Pending are Plaintiff Brian O.'s Complaint [ECF 1], filed September 3, 2024, and Brief in Support of Judgment on the Pleadings [ECF 8], filed December 20, 2024, as well as Defendant Leland Dudek's Brief in Support of Judgment on the Pleadings [ECF 9], filed January 16, 2025. This action, in which Plaintiff seeks review of the final decision of the Acting Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401- 433, was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R [ECF 13] on February 19, 2025, recommending that the Court deny Plaintiff's request for remand, grant the Commissioner's request to affirm the decision, affirm the final decision of the Acting Commissioner of Social Security, and dismiss this action from the docket of the Court.

    The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on March 10, 2025. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 13**], **DENIES** the Plaintiff's request for remand [**ECF 8**], **GRANTS** the Defendant's request to affirm the decision [**ECF 9**], **AFFIRMS** the final decision of the Commissioner, **DISMISSES** the Complaint [**ECF 1**], and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:     March 14, 2025

Frank W. Volk
Chief United States District Judge